IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DONALD KLEPPER, and<br>KAREN H. HAGGLUND, | ) ) ) | CV 11–41–M–DWM–JCL |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| MONTANA DEPARTMENT OF<br>TRANSPORTATION; and<br>M.A. DEATLEY CONSTRUCTION, | ) ) ) ) | |
| Defendants.<br>_____ | ) ) | |

The plaintiffs, Donald K. Klepper and Karen H. Hagglund, filed a complaint, alleging that the defendants caused an unlawful sediment release onto their property during the Evaro-McClure Road Highway 93 project in March 2009. (Dkt # 1). The plaintiffs are proceeding pro se. The matter was referred to Magistrate Judge Lynch under 28 U.S.C. § 636(b).

The Montana Department of Transportation moved for judgment on the pleadings on September 23, 2011. (Dkt # 33). Judge Lynch issued his Findings and Recommendations for that motion on November 14, 2011. (Dkt # 55).

1

Judge Lynch recommends granting the Department's motion on the basis of Eleventh Amendment sovereign immunity. Id. The plaintiffs timely objected to Judge Lynch's Findings and Recommendation. (Dkt # 61). They are therefore entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

The Court agrees with Judge Lynch's Findings and Recommendation and adopts them in full. The Eleventh Amendment of the United States Constitution generally bars federal courts from hearing a private citizen's lawsuit against a state. A federal court may hear such a lawsuit, though, if (1) the state waives its immunity and consents to be sued in federal court or (2) Congress abrogates the states' sovereign immunity by statute. Nev. Dept. of Hum. Res. v. Hibbs, 538 U.S. 721, 725–26 (2003). Neither of these exceptions applies here, though.

First, the State of Montana has not waived its Eleventh Amendment sovereign immunity. The State has partially waived its sovereign immunity for tort suits in its own state courts, but it has not waived its Eleventh Amendment sovereign immunity. Montana v. Gilham, 133 F.3d 1133, 1139 (9th Cir. 1998);

Montana v. Peretti, 661 F.2d 756, 758 (9th Cir. 1981); Peretti v. State, 777 P.2d 329, 332 (Mont. 1989). The plaintiffs do not challenge this conclusion in their objections.

Second, Congress has not abrogated the states' Eleventh Amendment sovereign immunity from the plaintiffs' claims. As the United States Supreme Court has held:

> Congress may . . . abrogate [the states' Eleventh Amendment sovereign immunity] in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.

Hibbs, 538 U.S. at 726. The mere fact that a plaintiff alleges a cause of action under the Fourteenth Amendment does not imply that a state is unprotected by the Eleventh Amendment. Congress must clearly abrogate that protection in order for a state to be subject to a lawsuit in federal court. The plaintiffs, though, have not identified any legislation through which Congress abrogated the states' Eleventh Amendment sovereign immunity from the plaintiffs' claims.

In their objections, the plaintiffs claim that Congress abrogated the states' Eleventh Amendment sovereign immunity through the Safe, Accountable, Flexible, Efficient Transportation Equity Act, Pub. L. No. 109-59, 119 Stat. 1144 (2005). Specifically, the plaintiffs argue that Congress effectuated this abrogation through § 326 of the Act. 23 U.S.C. § 326. The plaintiffs' argument fails.

Section 326 permits a state to assume responsibility for determining whether

certain activities qualify as a categorical exclusions for purposes of environmental assessments. Id. at § 326(a)(1). If a state assumes that responsibility, it must comply with federal law and the federal government will not be liable for a state's failure to comply. Id. at § 326(b)(2).

Even assuming that the Act applies here, Congress did not abrogate the states' Eleventh Amendment sovereign immunity through § 326. While § 326 requires states to comply with federal law if they assume responsibility, there is no "unmistakably clear . . . language" in the statute showing that Congress intended to abrogate the states' Eleventh Amendment sovereign immunity through its Fourteenth Amendment powers. See Hibbs, 538 U.S. at 726. The Supreme Court has expressly held that a state's agreement to abide by federal law does not waive its Eleventh Amendment sovereign immunity. Fla. Dept. of Health & Rehab. Servs. v. Fla. Nursing Home Assn., 450 U.S. 147, 150 ("[T]he fact that the [state] agreed explicitly to obey federal law in administering the program can hardly be deemed an express waiver of Eleventh Amendment immunity. This agreement merely stated a customary condition for any participation in a federal program.").

In summary, the Department is immune under the Eleventh Amendment because the State has not waived its Eleventh Amendment sovereign immunity and Congress has not abrogated that immunity. As a result, the Court grants the Department's motion for judgment on the pleadings.

The Court finds no clear error in the portions of Judge Lynch's Findings and Recommendation to which the plaintiffs do not object.

Accordingly, IT IS ORDERED that the Montana Department of Revenue's motion for judgment on the pleadings (dkt # 33) is GRANTED.

The Clerk of Court is directed to enter, by separate document, judgment in favor of the Department.

DATED this 8th day of December 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT