IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

DONALD K. KLEPPER, and
KAREN H. HAGGLUND,                    CV 11-41-M-DWM-JCL

           Plaintiffs,

        vs.                                    ORDER

MONTANA DEPARTMENT OF
TRANSPORTATION; and
M.A. DEATLEY CONSTRUCTION,

           Defendants.
_____

Before the Court are Defendant M.A. DeAtley Construction, Inc.'s ("M.A. DeAtley") motions in limine. The motions are granted in part and denied in part as detailed below.

## I.    INTRODUCTION

Plaintiffs Donald Klepper and Karen Hagglund, appearing pro se, seek compensation for damages that allegedly occurred to real property they own in Evaro, Montana. M.A. DeAtley was performing road construction work near Plaintiffs' property during the winter in 2009. Plaintiffs allege that runoff water flowed from the site of M.A. DeAtley's construction work to Plaintiffs' property carrying sediment and contaminants to their property. Plaintiffs allege M.A.

1

DeAtley is liable for the resulting damage to their property and their groundwater.

M.A. DeAtley moves for an order in limine precluding Plaintiffs from presenting certain evidence or arguments at trial. Specifically, M.A. DeAtley requests the Court preclude Plaintiffs from:

(1) acting as their own expert witnesses;

(2) presenting argument or evidence for each other, and non-parties, since they are proceeding pro se in this case, and they are not licensed to practice law;

(3) mentioning that they are "cancer survivors"; and

(4) arguing that other governmental entities, and non-parties failed to react or respond to the alleged discharge of sediment and contaminants onto Plaintiffs' property.

## II. DISCUSSION

In general, the purpose of a motion in limine is to obtain a preliminary ruling on the admissibility of a particular evidentiary matter, and obtain an order excluding anticipated inadmissible evidence from trial before it is actually offered. *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *BNSF Railway Company v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, *1 (D. Mont. 2010). To obtain an order excluding evidence, "the evidence must be 'clearly inadmissible on all potential grounds.'" *BNSF Railway Company*, 2010 WL 4337827 at *1 (quoting *Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846

(N.D. Ohio 2004)). "'Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.'" *BNSF Railway Company*, 2010 WL 4337827 at *1 (quoting *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). A court has considerable discretion in considering and ruling upon a motion in limine. *Luce*, 469 U.S. at 41-42, and *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).

### A. Plaintiffs' Expert Witness Opinion Testimony

M.A. DeAtley argues the Plaintiffs should be precluded from testifying in the form of opinion testimony under Fed. R. Evid. 702. Because Plaintiffs have not properly disclosed the subject matter, facts, and opinions to which they might testify under Rule 702, M.A. DeAtley's motion is granted.

Federal Rule of Civil Procedure 26(a)(2)(A) requires a litigant in federal court to disclose to the other parties the identity of each and every witness from whom the litigant intends to offer expert opinion testimony at trial under Fed. R. Evid. 702. *Alaman v. Life Insurance Co. of North America*, 2011 WL 2160242, *1 (D. Mont. 2011). *See also* Dkt. 22 at 4-5. With respect to those witnesses who are retained or specially employed to provide expert testimony the party must produce a written report containing the detailed information specified in Fed. R. Civ. P.

26(a)(2)(B). As to all other witnesses expected to present opinion testimony, the party must disclose the subject matter of, together with a summary of the facts and opinions that will be included in, the expected testimony. Fed. R. Civ. P. 26(a)(2)(C).

The federal courts strictly enforce the expert witness disclosure requirements in Rule 26(a)(2), and have the discretion to impose sanctions for an untimely, inadequate, or nonexistent expert disclosure, including the exclusion of expert witness testimony. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Such exclusion is expressly authorized by Fed. R. Civ. P. 37(c)(1). *Id*. This Court has held that "[e]xpert opinions will not be admitted unless the expert has been identified, and the facts or data considered for that expert's opinion have been disclosed in the expert's signed report." *Alaman v. Life Insurance Co. of North America*, 2011 WL 2160242, *2 (D. Mont. 2011). The only exceptions to the exclusionary rule stated in Rule 37(c)(1) are if the non-disclosure was "substantially justified or harmless," and the burden is on the party opposing the exclusion to establish such exceptions. *Yeti*, 259 F.3d at 1107.

Additionally, the scheduling order issued in this case warned as follows:

> <u>An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed</u>.

Dkt. 22 at 5 (emphasis in original).

M.A. DeAtley represents to the Court that Plaintiffs did not make any disclosure as required by Fed. R. Civ. P. 26(a)(2). Plaintiffs do not challenge that representation, and they confirm that they "have chosen not to engage expert witnesses[.]" Dkt. 52 at 4. Plaintiffs also have not presented to the Court a copy of any expert witness disclosure or report that they may have produced. Therefore, on the record before the Court, there is no evidence establishing that Plaintiffs identified themselves as expert witnesses, or that they notified M.A. DeAtley that they propose to offer testimony that would be characterized as expert opinion testimony under Fed. R. Evid. 702.

The deadline imposed in this case for Plaintiffs to disclose expert witnesses and to produce expert reports was August 11, 2011. Dkt. 22 at 1. Litigants must comply with expert disclosure deadlines established in a court's scheduling order because the order is an invaluable tool to "foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Consequences must be imposed for non-compliance. *Id*.

Here, Plaintiffs have not disclosed any expert witnesses, and they do not argue that their failure to do so is either substantially justified or harmless. Because Plaintiffs have procedurally failed to identify themselves as expert

witnesses under Rule 702 as required under Fed. R. Civ. P. 26(a)(2), M.A. DeAtley' motion to preclude Plaintiffs from presenting expert opinions at trial through their own testimony is granted.[1]

In passing, Plaintiffs also suggest they should be permitted to express opinion testimony as lay witnesses under Fed. R. Evid. 701. Rule 701 constrains a lay witness's ability to present opinion testimony as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Thus, in limited circumstances, a lay witness may express certain opinions within the confines of Rule 701. *See e.g. United States v. Burnette*, 698 F.2d 1038, 1051 (9th Cir. 1983) (permitting a lay witness to express an opinion, based on personal observation, as to who had removed a license plate from a vehicle). Consequently, if Plaintiffs can satisfy the express conditions of Rule 701, then there may exist certain matters on which they might be permitted to

---

[1] Plaintiffs are not precluded from cross examining any expert witness M.A. DeAtley may present at trial.

express their opinions at trial. At this point, however, Plaintiffs have not identified any specific opinion that they intend to express through their testimony at trial. Should they later identify any specific opinion, the Court will then assess the admissibility of the opinion under Rule 701 in the proper context.

### B.  Plaintiffs' Pro Se Representation of Each Other, or Other Individuals or Entities

M.A. DeAtley moves to prevent Plaintiffs from representing each other at trial, and from presenting arguments and evidence with respect to, or on behalf of other individuals or entities who Plaintiffs may contend were harmed by M.A. DeAtley's conduct alleged in this action. M.A. DeAtley's motion has merit.

Clearly, Klepper may represent himself at trial, and Hagglund may represent herself at trial. *See* 28 U.S.C. § 1654. But, because neither Plaintiff is a licensed attorney and each are proceeding pro se, they may not represent each other or any other party at trial, and they may not present arguments or evidence on behalf of other parties. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (citing numerous cases barring pro se litigants from representing other parties).

Furthermore, evidence of any damages that other parties may have sustained allegedly as a result of M.A. DeAtley's conduct at issue in this case would be irrelevant and inadmissible. Relevant evidence is that which "has any tendency to

7

make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401(a) and (b). Evidence suggesting that M.A. DeAtley may have caused damage to other parties is wholly irrelevant to the issue of whether it caused damage to Plaintiffs. As a matter of law, irrelevant evidence is inadmissible at trial. Fed. R. Evid. 402.

M.A. DeAtley's motion is granted in that Plaintiffs may not represent each other, or other parties at trial, and they may not present evidence as to any damages other parties may have sustained.

### C. **Plaintiffs as Cancer Survivors**

M.A. DeAtley moves to preclude Plaintiffs from testifying at trial about previously being diagnosed with cancer, or being "cancer survivors." It argues that the evidence is irrelevant to the facts and issues involved in this case, and is inadmissible under Fed. R. Evid. 402.

In response to the motion, Plaintiffs assert that their experience with cancer has affected their management decisions regarding their real property at issue in this case, and has affected their utilization of their property. Plaintiffs do not, however, elaborate on these assertions.

On its face, evidence reflecting the fact that Plaintiffs each had cancer in the past would appear irrelevant to this case under the test for relevancy set forth in

8

Fed. R. Evid. 401, supra. Absent additional background information from Plaintiffs, it would appear that their experience with cancer is irrelevant to the issues of whether M.A. DeAtley is liable under any of Plaintiffs' surviving theories of liability, or whether M.A. DeAtley's conduct damaged Plaintiffs in any way. Therefore, evidence of Plaintiffs' cancer would be irrelevant and inadmissible under Fed. R. Evid. 402.

Nonetheless, at this juncture and on the present record, the Court cannot conclude that evidence of Plaintiffs' cancer is clearly inadmissible on all potential grounds. In view of Plaintiffs' assertion about how they have managed and utilized their property, Plaintiffs' cancer may become relevant to their alleged lost use and enjoyment of their property — an element of damages for which they may be entitled to compensation. Thus, any specific ruling as to the admissibility of evidence of Plaintiffs' cancer should be "deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *BNSF Railway Company v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, *1 (D. Mont. 2010). The Court cautions, however, that even if the evidence of Plaintiffs' cancer may become relevant, it may still be subject to exclusion if its probative value is substantially outweighed by any unfair prejudice it may cause if the evidence is introduced. Fed. R. Evid. 403. In any event, absent

the benefit of full information and proper context, any ruling at this time barring the evidence would be premature. *See Liberal v. Estrada*, 2011 WL 3956068, *5 (N.D. Cal. 2011). Consequently, M.A. DeAtley's motion is denied in this respect.

### D. Other Entities' and Non-Parties' Failure to React or Respond

M.A. DeAtley moves for an order in limine precluding Plaintiffs from presenting any arguments or evidence indicating that any governmental entity that is not a party to this action is liable to Plaintiffs, or that those entities failed to respond to Plaintiffs' requests for assistance to remedy the alleged damage to their property.

In response to M.A. DeAtley's motion, Plaintiffs argue that other entities violated their rights by failing to protect Plaintiffs and failing to assist with the remediation of any damages to their property. Specifically, Plaintiffs argue the Montana Department of Transportation and the Montana Department of Environmental Quality violated their rights to due process and equal protection. Additionally, they contend the federal Environmental Protection Agency was obligated to assist Plaintiffs, but failed to do so.

By Order entered December 8, 2011, the Court dismissed the Montana Department of Transportation from this action. Also, the Montana Department of Environmental Quality and the Environmental Protection Agency are not parties to

this action. Consequently, any arguments and evidence Plaintiffs intend to present suggesting those entities are liable to Plaintiffs are irrelevant to the issue of whether M.A. DeAtley is liable to Plaintiffs for its own conduct. Fed. R. Evid. 401. Thus, Plaintiffs' arguments as to those entities' liability are inadmissible under Fed. R. Evid. 402. M.A. DeAtley's motion is granted in this respect.

## III. CONCLUSION

For the reasons stated, IT IS HEREBY ORDERED that M.A. DeAtley's motion in limine regarding evidence of Plaintiffs' cancer is DENIED subject to further review in the proper context of all the evidence presented at trial. M.A. DeAtley's motion, however, is GRANTED in all other respects.

DATED this 5th day of January, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge