RECEIVED JAN 2 5 2012 CLERK, U.S. DISTRICT COURT DISTRICT OF MONTANA MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DONALD KLEPPER, and KAREN H. HAGGLUND, | ) ) ) | CV 11–41–M–DWM–JCL |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| MONTANA DEPARTMENT OF TRANSPORTATION; and M.A. DEATLEY CONSTRUCTION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

The plaintiffs, Donald Klepper and Karen Hagglund, filed a complaint, alleging that the defendants caused an unlawful sediment release onto their property during the Evaro-McClure Road Highway 93 project in March 2009. The plaintiffs are proceeding pro se. The matter was referred to Magistrate Judge Lynch under 28 U.S.C. § 636(b).

M.A. DeAtley Construction, Inc., and the Montana Department of Transportation[1] moved for summary judgment on October 25, 2011. Judge Lynch

---

[1] The Montana Department of Transportation moved for judgment on the pleadings, and the Court granted that motion.

1

issued his Findings and Recommendation for that motion on December 5, 2011, recommending that the Court deny the motion.

M.A. DeAtley also filed a motion for partial summary judgment on October 25, 2011. Judge Lynch issued his Findings and Recommendation for that motion on December 27, 2011, recommending the Court grant in part the motion and deny it in part.

The plaintiffs did not object to either the December 5th or the December 27th findings and recommendations. The Court therefore reviews them for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no clear error and agrees with both of Judge Lynch's findings and recommendations, adopting them in full. Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

## I. M.A. DeAtley Construction and the Montana Department of Revenue's motion for summary judgment.

The defendants jointly moved for summary judgment because, as they claimed, the plaintiffs did not have any legal interest in the real property on which the alleged contamination occurred. The defendants, though, later conceded that there is a genuine issue of material fact, in light of documents filed by the plaintiffs. As a result, Judge Lynch recommended denying the motion for

2

summary judgment. Judge Lynch did not commit clear error in his findings and recommendation. As a result, the Court denies the motion with respect to M.A. DeAtley and dismisses it as moot with respect to the Montana Department of Transportation, since the Court granted its motion for judgment on the pleadings.

## II. M.A. DeAtley's motion for partial summary judgment.

M.A. DeAtley also moved individually for partial summary judgment on several of the plaintiffs' claims. Judge Lynch recommends granting the motion as to the public nuisance, strict liability, breach of contract, and constitutional claims. But he recommends denying it as to the negligence, private nuisance, and trespass claims. The Court agrees and finds no clear error in Judge Lynch's Findings and Recommendation.

The plaintiffs' public nuisance claim fails because they have not adequately shown that the alleged contamination affected "an entire community or neighborhood or any considerable number of persons." State ex rel. Dept. of Envtl. Quality v. BNSF Ry., 246 P.3d 1037, 1042 (Mont. 2010) (citation and internal quotation marks omitted).

The plaintiffs' strict liability claim fails because the plaintiffs have not submitted sufficient evidence to raise a genuine issue as to whether M.A. DeAtley's road construction and demucking activities were abnormally dangerous. Chambers v. City of Helena, 49 P.3d 587, 590 (Mont 2002), overruled on other

3

grounds, Giambra v. Kelsey, 162 P.3d 134 (Mont. 2007); Restatement (Second) of Torts §§ 519, 520 (1977).

The plaintiffs' breach of contract claim fails because the undisputed facts show that they do not have a contract with M.A. DeAtley. Nor is M.A. DeAtley a party to the right-of-way agreements that the plaintiffs contend were breached.

The plaintiffs' claims under the Montana Constitution fail because M.A. DeAtley is not a state actor and they have colorable causes of action under Montana common or statutory law. Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 165 P.3d 1079, 1093 (Mont. 2007).

Finally, the plaintiffs' due process and equal protection claims, brought under 42 U.S.C. § 1983, fail because M.A. DeAtley's actions do not qualify as "state action." See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

While the Court grants summary judgment on several claims, the Court agrees with Judge Lynch that the motion should be denied with respect to three claims: negligence, private nuisance, and trespass. The plaintiffs seek compensation for the restoration of their property, and they have raised a genuine issue of material fact as to each of these claims.

Accordingly, IT IS ORDERED THAT the Court adopts in full Judge Lynch's findings and recommendations (dkt # 62, 67).

IT IS FURTHER ORDERED that the defendants' motion for summary

4

judgment (dkt # 36) is DENIED as to M.A. DeAtley Construction, Inc., and DISMISSED AS MOOT as to the Montana Department of Transportation.

IT IS FURTHER ORDERED that M.A. DeAtley's motion for partial summary judgment (dkt # 40) is GRANTED IN PART and DENIED IN PART. The Court grants summary judgment in favor of M.A. DeAtley as to the following causes of action: public nuisance (second cause of action), strict liability (fifth cause of action), breach of contract (eighth cause of action), violation of the Montana Constitution (sixth cause of action), and violation of the United States Constitution (seventh cause of action). The Clerk of Court is directed to enter, by separate document, judgment in favor of M.A. DeAtley on these causes of action.

The Court denies M.A. DeAtley's motion for summary judgment as to the following causes of action: negligence (first cause of action), private nuisance (third cause of action), and trespass (fourth cause of action).

DATED this 25 day of January 2012.

Donald W. Molloy, District Judge
United States District Court